United States District Court
District of Connecticut Case 3:24-cr-00159-KAD    Document 62    Filed 11/18/25    Page 1 of 15
FILED AT BRIDGEPORT
November 18           25
_____,20___
By _Abby Bociek_
   Deputy Clerk



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*    *(203)821-3700*
*157 Church Street, 25th Floor*    *Fax (203) 773-5376*
*New Haven, Connecticut 06510*    *www.justice.gov/usao/ct*

November 18, 2025

W. Theodore Koch III, Esq.      Jessica M. Walker
Koch Garg Walker & Smart      Walker Koch, Garg, Walker & Smart
8 W. Main Street      169 Main Street, Suite 800-21
Suite 2-10      800 Plaza Middlesex
Niantic, CT 06357      Middletown, CT 06457
Email: ted@kgb-law.com      Email: jessica@kgwslaw.com

    Re:    United States v. Alyson Cranick
            Case No. 3:24CR159 (KAD)

Dear Attorneys Koch and Walker:

    This letter confirms the plea agreement between your client, Alyson Cranick (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

    In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to a one-count indictment charging a violation of 18 U.S.C. § 2422(b) (coercion and enticement of a minor).

    The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice, or coerce an individual under the age of 18 to engage in sexual activity;

2. The defendant believed that the individual was under the age of 18; and

3. The defendant could have been charged with a criminal offense for engaging in the specified sexual activity, namely, sexual assault in the first degree, in violation of Conn.

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

Page 2

Gen. Stat. § 53a-70(a)(2), and risk of injury to a child, in violation of Conn. Gen. Stat. § 53-21(a)(2).

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of life imprisonment and a minimum penalty of 10 years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not less than five years and not as much as life to begin after any term of imprisonment. 18 U.S.C. § 3583. Further, the defendant understands that by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

The defendant understands that, should she violate any condition of supervised release, she may be required to serve a further term of imprisonment of up to five years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant may be required to serve a term of not less than five years of imprisonment. 18 U.S.C. § 3583(k).

In addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

### Fine

Under 18 U.S.C. § 3571, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater; or (2) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Additional Assessments

The defendant further is obligated by 18 U.S.C. § 3014 to pay an additional special assessment of $5,000, unless the Court finds that the defendant is indigent. The Government reserves its

W. Theodore Koch III, Esq.
Jessica M. Walker, Esq.

Page 3

right to argue at sentencing that the defendant is not indigent. The parties agree that if the Court finds that the defendant is not indigent and imposes the additional special assessment, the additional special assessment is payable to the Clerk of the Court as soon as the defendant has satisfied all other court-ordered fines, orders of restitution, or any other court-ordered obligation related to victim-compensation arising from the counts on which this additional special assessment is based. The defendant reserves the right to object to an assessment under this provision, and the Government reserves the right to argue in support of such an assessment.

### Restitution

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 2429, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2429.

The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

### Credit Report

The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guidelines application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

W. Theodore Koch III, Esq.
Jessica M. Walker, Esq.

Page 4

Acceptance of Responsibility

At this time, and subject to the conditions specified below, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's demonstration of acceptance of responsibility for the offense. Moreover, and also subject to the conditions specified below, should the defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's adjusted offense level by one additional level based on both her affirmative acceptance of responsibility as well as her prompt notification of her intention to enter a plea of guilty that permitted the Government to avoid trial preparation. The defendant understands that the Court is not obligated to accept the Government's recommendation under § 3E1.1(a) and that a decrease under § 3E1.1(a) is a prerequisite to a further reduction under § 3E1.1(b).

The Government's recommendation and motion are each conditioned on the defendant's affirmative acceptance of responsibility. If, in the Government's assessment, the defendant engages in any act or omission or takes any litigating position inconsistent with affirmative acceptance of responsibility, the Government is not obligated to (1) recommend a two-point reduction under § 3E1.1(a), or (2) file a third-point motion under § 3E1.1(b) (even if the Court has granted a two-point reduction, and even if the defendant's notification of her intention to enter a plea of guilty permitted the Government to avoid trial preparation).

In assessing whether the defendant has affirmatively accepted responsibility, considerations include (but are not limited to) whether she has: (1) truthfully admitted the conduct constituting the offense(s) of conviction and truthfully admitted (or not falsely denied) any additional relevant conduct for which she is accountable under § 1B1.3 of the Sentencing Guidelines; (2) disclosed to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing her financial condition; (3) engaged in any act indicating that she has not terminated or withdrawn from criminal conduct or associations; (4) engaged in any act that could provide a basis for an adjustment for obstructing or impeding the administration of justice under § 3C1.1 of the Sentencing Guidelines; (5) engaged in any act constituting a violation of any condition of release; or (6) sought to withdraw her guilty plea or taken a position at sentencing not consistent with acceptance of responsibility. The Government expressly reserves the right not to recommend a two-point reduction under § 3E1.1(a) and not to move for a further reduction under § 3E1.1(b)—even if the court has granted a two-point reduction, and even if the defendant's notification of her intention to enter a plea of guilty permitted the Government to avoid trial preparation—based on such considerations or any other ground that, in the Government's assessment, is inconsistent with affirmative acceptance of responsibility.

The defendant understands that she may not withdraw her plea of guilty if, in accordance with the above, the Government does not recommend a reduction under § 3E1.1(a) or move for a further reduction under § 3E1.1(b).

W. Theodore Koch III, Esq.
Jessica M. Walker, Esq.

Page 5

Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2G1.3(a)(3) is 28. That level is increased by

- two levels under U.S.S.G. § 2G1.3(b)(2)(B) because a participant unduly influenced a minor to engage in prohibited sexual conduct;

- two levels under U.S.S.G. § 2G1.3(b)(3)(A) because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct;

- two levels under U.S.S.G. § 2G1.3(b)(4)(A)(i) because the offense involved the commission of a sex act or sexual contact;

- eight levels under U.S.S.G. § 2G1.3(b)(5) because U.S.S.G. § 2G1.3(a)(3) applies, and the offense involved a minor who had not attained the age of 12 years.

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above. Five levels are added under U.S.S.G. § 4B1.5(b) because the defendant's instant offense of conviction is a covered sex crime, neither U.S.S.G. § 4B1.1 nor U.S.S.G. § 4B1.5(a) applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct, specifically, the coercion and enticement of a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), resulting in a total offense level of 44, which the commentary to the Guidelines instructs should be treated as an offense level of 43. *See* U.S.S.G. ch. 5, pt. A, cmt. n.2.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate. The government reserves its right to argue that any such re-calculation is not a basis for any downward departure or variance and its right to oppose any request from the defendant for such a departure or variance.

A total offense level of 43, assuming placement in Criminal History Category I, would result in a Guidelines range of life imprisonment (sentencing table) and a fine range of $50,000 to $250,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of not less than five years. U.S.S.G. § 5D1.2.

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

Page 6

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. Moreover, the defendant reserves the right to argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine is appropriate in this case.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that she will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that she is knowingly, intelligently, and voluntarily waiving the following rights:

<u>Waiver of Trial Rights and Consequences of Guilty Plea</u>

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on

W. Theodore Koch III, Esq.
Jessica M. Walker, Esq.

Page 7

the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

<u>Discovery</u>

The defendant acknowledges that the Government may not have yet produced any or all discovery material, including but not limited to discovery under the Jencks Act, 18 U.S.C. § 3500, the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Local Rules of Criminal Procedure, Standing Order on Discovery. The attorneys for the Government are not aware of any information that, in their view, would establish the defendant's factual innocence of the crimes to which the defendant is pleading guilty. However, the attorneys for the Government do not warrant that they have reviewed all material in their possession, or that their assessment of the exculpatory nature of information known to them would be the same as that of the defendant or her counsel. Nonetheless, the defendant acknowledges that (1) she has accepted this plea agreement and decided to plead guilty because she is in fact guilty and seeks no further discovery or disclosures of information, and (2) in reaching that decision, she has not relied upon any representations concerning the Government attorneys' assessment of information. On that basis, the defendant waives any and all right to withdraw her plea or attack her conviction, either on direct appeal or collateral attack, on the ground that the Government has not produced any discovery material beyond what already has been produced as of the date of this plea agreement. The Government nevertheless will produce, in advance of sentencing, additional material specifically requested by the defendant in connection with any sentencing issue, to the extent that the requested material is in the Government's possession.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances she is entitled to challenge her conviction. By pleading guilty, the defendant waives her right to appeal or collaterally attack her conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

Page 8

statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge her sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 360 months of imprisonment, a lifetime of supervised release, a $100 special assessment, additional assessments of $5,000, a fine of $50,000, and restitution in an amount to be determined by the Court, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of supervised release imposed by the Court for which she had notice and an opportunity to object. Moreover, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights the defendant may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

Page 9

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## PENDING STATE CHARGES

The defendant is charged in the Connecticut Superior Court, Judicial District of Tolland, Docket Nos. TTD-CR23-0169267-0, TTD-CR23-0188130-T, TTD-CR23-0188187-0, and TTD-CR23-0188188-T (the "State Cases"), with offenses arising out of or relating to the conduct that forms the basis of the indictment in this case. If the defendant pleads guilty to one or more charges in the State Cases in accordance with a plea agreement with the Office of the State's Attorney for the Judicial District of Tolland, the Government agrees that it will not object to (1) the defendant's federal and state sentences running concurrently, and (2) a motion by the defendant for an adjustment under U.S.S.G. § 5G1.3(b) to account for any period of imprisonment already served as part of any sentence imposed in the State Cases.

## COLLATERAL CONSEQUENCES

The defendant understands that she will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of her conviction.

## SEX OFFENDER REGISTRATION

The defendant acknowledges that she has been advised and understands that she will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that pursuant to these requirements, she must register and keep the registration current in each of the following jurisdictions: where the defendant resides; where the defendant is an employee; and where the defendant is a student. The defendant understands that the requirements for registration include providing the

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

Page 10

defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. If the defendant resides in Connecticut following release from prison, the defendant will be subject to the registration requirements of chapter 969 of the Connecticut General Statutes. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment. The defendant also must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce.

The defendant has been advised, and understands, that she will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

### SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the conduct that forms the basis of the indictment in this case. This provision does not apply to any conduct unknown to the Government at the time of the signing of this agreement.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

### NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

This letter shall be presented to the Court, in open court, and filed in this case.

> Very truly yours,
>
> DAVID X. SULLIVAN
> UNITED STATES ATTORNEY
>
> _____
> DANIEL E. CUMMINGS
> KATHERINE E. BOYLES
> ASSISTANT UNITED STATES ATTORNEYS

The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

_____   11/18/25
ALYSON CRANICK             Date
The Defendant

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

_____   11/18/25
W. THEODORE KOCH III, ESQ.   Date
JESSICAL M. WALKER, ESQ.
Attorneys for the Defendant

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

Page 12

## RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2429, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) reasonable attorneys' fees, as well as other costs incurred; and

(F) any other relevant losses incurred by the victim.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §§ 3613A, 3614. The Court also may order that the defendant give notice to any identifiable victim(s) of the offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

W. Theodore Koch III, Esq.
Jessica M. Walker, Esq.

Page 13

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) and any state sex offender registration agency, in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

2. The defendant shall participate in mental health treatment, with an emphasis on sex offender treatment, as approved by the United States Probation Office, and shall abide by the policies and procedures of the program, which may include polygraph testing. The defendant shall pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the Probation Office.

3. The defendant shall submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of her supervision following the completion of a sex offender treatment program. The defendant shall pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office.

4. The defendant shall not view, purchase, or possess any materials (including, but not limited to, pictures, photographs, books, writings, drawings, videos, or video games) depicting child pornography as defined in 18 U.S.C. § 2256(8).

5. The defendant shall not have direct contact or knowingly communicate (including by telephone, text messaging, email, social media, mobile application, the Internet, or other electronic means) with any child the defendant knows or reasonably should know to be under the age of 18, without permission of the probation officer. The U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with her own children or relatives.

6. The defendant shall provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, or (ii) have contact with minors.

7. The defendant shall avoid, and is prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

8. The defendant shall not associate or have contact with anyone she knows or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

*Page 14*

    9. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

    10. The defendant shall submit her person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

    11. The defendant shall submit all computers (as defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other users of such items that the items may be subject to searches pursuant to this condition.

    12. The defendant shall permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant has been in contact with minors. The defendant shall pay all or a portion of the costs associated with such monitoring based upon the defendant's ability to pay, as determined by the U.S. Probation Office. The defendant shall not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

    13. To ensure compliance with the preceding monitoring condition, the defendant shall allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant shall allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet/Wi-Fi connection.

    14. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, with the Court's approval, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The probation officer may contact the person or organization and confirm that the defendant has notified the person about the risk.

*W. Theodore Koch III, Esq.*
*Jessica M. Walker, Esq.*

*Page 15*

      15. The defendant shall consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.

      16. The defendant shall have no contact, direct or indirect, with Minor Victim, whose identity known to the parties and the Court, or any of his or her family members by any means, including in person or by telephone, mail, facsimile, text messaging, email, chat rooms, instant messaging, over the Internet, through social media, or through any other form of electronic communication. The defendant shall permit the U.S. Probation Office to use monitoring software (described above) to determine whether the defendant has been in contact with Minor Victim or any of his or her family members.